IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Betty Frances Taylor Epting, *as Personal Representative of the Estate of Thomas Edgar Taylor, Sr*, | ) ) ) ) | C/A No. 0:16-3172-DCC-PJG |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| South Carolina Department of Corrections; Minnie Macon; Arthur Butler; Linda McNutt; Aaron Pellum, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Betty Frances Taylor Epting filed this action in her role of personal representative of the estate of Thomas Edgar Taylor pursuant to 42 U.S.C. § 1983 alleging a violation of Taylor's constitutional rights. This matter is before the court on Plaintiff's motion to amend the Amended Complaint. (ECF No. 71.) The defendants filed a response in opposition. (ECF No. 76.)

Plaintiff's proposed Second Amended Complaint seeks to add a seventh cause of action against a new defendant, Dr. Mohan Sridaran, the prison psychiatrist who treated Plaintiff's decedent's assailant. The defendants oppose the motion on the grounds that it is untimely, prejudicial, and futile. Based on the parties' filings, the court cannot say without additional briefing on the applicable substantive law that the amendment is futile. In light of the imminent statute of limitations deadline of November 15, 2018 (according to Plaintiff's calculation) to assert a claim against Dr. Sridaran, the court hereby grants Plaintiff's Motion to Amend (ECF No. 71) without prejudice to the defendants' right to file a motion to dismiss the claim against Dr. Sridaran for failure

PJG

to state a claim upon which relief can be granted if they so elect, including but not limited to briefing as to whether Dr. Sridaran owed any duty to Plaintiff's decedent.

As to timeliness, Plaintiff asserts that it was not until Dr. Sridaran's deposition testimony that this claim was apparent. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). Additionally, the court observes that the dispositive motions deadline has not yet passed, so Dr. Sridaran can move for summary judgment at the same time as the other defendants, and that Dr. Sridaran's deposition has already been taken, indicating that discovery need not be reopened for this claim. The court therefore declines to deny the motion on the grounds of untimeliness or prejudice.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 9, 2018
Columbia, South Carolina